# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**LAWRENCE V. VALVERDE,**

      **Plaintiff,**

**vs.**                                                         **No. CIV 04-1099 WDS**

**JO ANNE B. BARNHART, Commissioner**
**of the Social Security Administration,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing filed on February 15, 2005.  Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for disability insurance benefits or supplemental security income.  The Court, having considered Plaintiff's Motion [docket # 8] and Memorandum Brief [docket # 9], Defendant's Response [docket # 12], Plaintiff's Reply [docket # 13], the administrative record and applicable law, finds that Plaintiff's Motion should be **GRANTED,** and that this matter should be remanded to the Commissioner for further proceedings in accordance with this Memorandum Opinion and Order.

### I.  Background

Plaintiff, who was born on August 21, 1955, worked as a dockworker, warehouseman, and truck driver before the onset of his alleged disability.  Tr. 14.  Plaintiff claims a medical history that includes Meniere's Syndrome, seizures, depression and anxiety.  Tr. 96, 111, 115, 215-216.

Plaintiff filed his initial application for disability insurance benefits ("DIB") under Title II of the Social Security Act and for supplemental security income ("SSI") under Title XVI of the Social Security Act on October 31, 2002.  Tr. 50-52.  Plaintiff alleged that he became unable to work as a

result of his disabling conditions on October 2, 2002. Tr. 50. After Plaintiff's application was denied at the initial level, Tr. 23, and at the reconsideration level, Tr. 24, Plaintiff appealed by filing a request for hearing by an administrative law judge ("ALJ") on August 13, 2003, Tr. 35-36.

The hearing before the ALJ was held on March 14, 2004, at which Plaintiff appeared and was represented by an attorney. Tr. 14. Plaintiff alleged that he was disabled as a result of seizures and depression. Tr. 214-223. In a decision dated April 14, 2004 the ALJ denied Plaintiff's claims for DIB and SSI. Tr. 12-21. Plaintiff then filed a request for review with the Appeals Council on June 10, 2004. Tr. 8-11. The Appeals Council denied Plaintiff's request for review on July 28, 2004, Tr. 4-6, and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* 20 C.F.R. §§ 404.981, 416.1481.

On September 28, 2004, Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). After consent by the parties, [dockets # 3, #5] this case was reassigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II.  Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994). Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.* The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative

work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 15. The ALJ found at step two that Plaintiff had severe impairments of seizure disorder by history, Meniere's Syndrome, depression, and somatoform disorder, but found at step three that Plaintiff's impairments were not severe enough to meet any of the Listings. Tr. 15. At step four, the ALJ concluded that Plaintiff retained the RFC to lift and carry fifty pounds occasionally and twenty five pounds frequently, stand and walk six hours in an eight hour workday, sit six hours in an eight hour workday, and push and pull in the amount of weight given. Tr. 17. The ALJ further found that the Plaintiff was restricted from climbing ladders, ropes, and scaffolds, from working at heights, around dangerous and moving machinery, and from driving. Tr. 17. Additionally, the ALJ found that Plaintiff had certain psychological limitations. Tr. 17-18. Given this RFC assessment, the ALJ found that Plaintiff could not perform his past relevant work. Tr. 18. However, at step five the ALJ concluded that there are a significant number of jobs in the national economy that Plaintiff can perform. Tr. 19. Plaintiff contends that the ALJ erred at step five by providing the vocational expert with an incorrect description of Plaintiff's mental function restrictions.

### IV.  Discussion

Plaintiff's primary physical complaint in this case is that he suffers from "seizures." According to Plaintiff, these seizures occur on a daily basis, and can last from a few seconds to thirty minutes. Tr. 98. Several such episodes were witnessed during the pendency of Plaintiff's claim. An

interviewer at the Social Security Field Office observed Plaintiff appear to "pass out" for five minutes during an interview. Tr. 77. The same interviewer was told by a security guard that the guard had witnessed a similar event the day before. Tr. 77. Dr. Jeffrey Sollins observed an episode during his examination of Plaintiff. Tr. 147. Dr. Stephen Markowitz also observed several instances of what Plaintiff described to be a seizure. In each instance Plaintiff's eyelids closed or "fluttered", and his head dropped as though he were nodding off. No convulsive movements were observed. Plaintiff claims that he does not lose consciousness during these episodes, is aware of what is going on, but can't move and simply struggles to control the seizure. Tr. 119. Plaintiff claims he can have up to three to five seizures a day. Tr. 215.

Notably, although Plaintiff claims a history of seizures, Tr. 150, he was driving a truck for approximately ten years before he submitted his application for disability benefits. Plaintiff saw his primary physician, Dr. Ronald Hicks, five times in 2001, a year before the alleged onset of his disability. During those visits Plaintiff made no mention of experiencing any seizures, nor did Plaintiff tell Dr. Hicks that he had a history of seizures. Tr. 132-136. Plaintiff did, however, make one reference to experiencing daytime sleepiness. Tr. 135.

The ALJ found Plaintiff's testimony regarding his seizures to be not credible, as it was "not supported by the objective evidence of record." Tr. 16. The ALJ observed that Plaintiff sought no medical treatment for his seizures, had not reported seizure activity to Dr. Hicks, took no anti-convulsant medication, and had a fairly wide range of activities of daily living. Tr. 16. The ALJ also noted that a consultative examiner, Dr. Jeffrey Sollins, noted no obvious abnormal findings and speculated that symptom magnification was possible. Tr. 17. The conclusion to be drawn from the opinion is that the ALJ did not believe that Plaintiff was experiencing seizures, and that he believed

that the seizures observed by the doctors and Social Security employees were faked by the Plaintiff.

While the Court acknowledges that it is possible that Plaintiff's "seizures" were performances for the consultative examiners and social security employees, there is no substantial evidence to support that conclusion at this time. Specifically, the medical record was not developed sufficiently to permit the ALJ to reach that conclusion. Dr. Markowitz reached no specific diagnosis as to what was causing Plaintiff's episodes, but found Plaintiff's symptoms consistent with "probable sleep disorder." Tr. 172. More importantly, Dr. Markowitz stated that Plaintiff "needs a more extensive evaluation including a sleep study with emphasis on cataplexy (part of narcolepsy) and/or sleep apnea." Tr. 172. In view of the existence of a medical test, recommended by a consultative examiner, that could confirm whether or not Plaintiff's "seizures" were legitimate episodes of cataplexy, it was error for the ALJ not to ensure that the test was performed before concluding that Plaintiff's seizures were not legitimate. Where the medical evidence in the record is inconclusive, a consultative examination is often required for proper resolution of a disability claim. Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993). Similarly, where additional tests are required to explain a diagnosis already contained in the record, resort to a consultative examination may be necessary." Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997).

The Court further notes the testimony of the vocational expert, who acknowledged the unemployability of a person who experienced daily episodes of cataplexy lasting five minutes to forty five minutes. Tr. 228. Accordingly, the results of the sleep study recommended by Dr. Markowitz would go to the heart of Plaintiff's disability claim. This matter is remanded for the further medical studies as recommended by Dr. Markowitz.

## V. Conclusion and Summary

In sum, the Court finds that the ALJ erred in failing to fully develop the medical record when he failed to ensure the completion of the sleep study recommended by Dr. Markowitz.

Accordingly, this matter shall be remanded to the Commissioner of Social Security to conduct further proceedings, which shall include:

1) At step four of the sequential analysis, the Commissioner should fully develop the medical record as recommended by the consultative examiners, including, but not limited to, Dr. Markowitz.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [docket # 8] is **GRANTED,** and this matter shall be remanded to the Commissioner of Social Security for further proceedings in accordance with this Memorandum Opinion and Order.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**